# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 577 | **DATE** | 9/13/2002 |
| **CASE TITLE** | Johnstone, et al. vs. Wabick, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for an order prohibiting defendants from calling plaintiffs' lead trial counsel as a witness at trial is granted. All other motions in limine are denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 1 6 2002 | |
| | Notified counsel by telephone. | | date docketed | 84 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9/13/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERTS JOHNSTONE, derivatively on behalf of **TARRAGON REALTY INVESTORS, INC.**, a Nevada corporation, and **JOHN PEDJOE**, derivatively on behalf of **TRANSCONTINENTAL REALTY INVESTORS, INC.**, a Nevada corporation,

    Plaintiffs,

v.

**DAVID J. WABICK**, an individual; and **PATRICIA WABICK**, an individual,

    Defendants,

-and-

**TARRAGON REALTY INVESTORS, INC.**, a Nevada corporation; and **TRANSCONTINENTAL REALTY INVESTORS, INC.**, a Nevada corporation,

    Nominal Defendants.

No. 01 C 0577

**DOCKETED**

**SEP 1 6 2002**

## MEMORANDUM OPINION AND ORDER

In March 2000, a judgment in favor of the plaintiffs was entered against David Wabick for over $7 million in *Johnstone, et al. v. First Bank National Association, et al.*, No. 95 C 2008 (N.D. Ill. filed Mar. 31, 1995). Plaintiffs brought a subsequent suit against Mr. Wabick and his wife, Patricia Wabick, alleging that since about 1991, Mr. Wabick has been fraudulently transfering various assets and income to Mrs. Wabick in an attempt to avoid paying creditors, including Plaintiffs. Both sides now bring

motions *in limine*. I grant Plaintiffs' Motion for an Order Prohibiting Defendants from Calling Plaintiffs' Lead Trial Counsel as a Witness at Trial, and deny all other motions.

I. Plaintiffs' Motion for an Order Prohibiting Defendants from Calling Plaintiffs' Lead Trial Counsel as a Witness at Trial

The Wabicks have indicated that they may seek to call George Donaldson, Plaintiffs' lead trial counsel, as a witness at trial. The Wabicks state that Mr. Donaldson's testimony would be relevant to a statute of limitations issue because of information received by Mr. Donaldson from Mr. Wabick or his attorney in 1996. The Wabicks also state that Mr. Donaldson's testimony would be relevant to the issue of damages because he has knowledge of money collected by Plaintiffs from other entities that they sued.

Calling opposing trial counsel as a witness is extremely problematic. Problems that arise in a situation where an attorney acts as both advocate and witness include:

> 1) the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; 2) the unfair and difficult situation which arises when an opposing counsel has to cross-examine a lawyer-adversary and seek to impeach his credibility; and 3) the appearance of impropriety created, *i.e.*, the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client.

*Culebras Enters. Corp., v. Rivera-Rios*, 846 F.2d 94, 99 (1st Cir. 1988). Additionally, there are issues of bad faith tactical maneuvering that may arise when a party can call an opposing attorney as a witness and then seek to disqualify him as counsel.

2

*See* L.R. 83.53.7(b) (prohibiting attorney called as opposing witness to act as trial advocate if testimony may be prejudicial to client); *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir. 1993) (permitting disqualification of attorney where court found a conflict existed, despite knowledge and consent of client).

In order for a party to depose an opposing attorney, courts generally require four things: the information sought is relevant to a major issue; no other means for obtaining the relevant information exists; the need for the information outweighs the inherent risks of deposing opposing counsel; and the information sought is not privileged. *See M & R Amusements Corp. v. Blair,* 142 F.R.D. 304, 305-06 (N.D. Ill. 1992) (Norgle, J.) (collecting cases). Where, as here, trial testimony is sought, the risks of confusing the jury and the appearance of impropriety are even greater than where a party seeks to depose opposing counsel.

While the testimony the Wabicks hope to elicit from Mr. Donaldson may be relevant and not privileged, it is not clear that no other means exist for obtaining the information and that the need for the testimony outweighs the inherent risks in having trial counsel called as a witness. If necessary, information regarding knowledge Mr. Donaldson gained from Mr. Wabick's attorney in 1996 could be gleaned from Mr. Wabick's attorney. Information regarding amounts collected by Plaintiffs from other parties could also be obtained from sources other than trial testimony of Mr. Donaldson.

3

While the Wabicks state that Plaintiffs have not provided appropriate documentation of amounts collected, calling Mr. Donaldson as a witness at trial is not the appropriate remedy.

Because the Wabicks have not shown that the information sought from Mr. Donaldson cannot be obtained from other sources and that the need for such information outweighs the great risks in calling Mr. Donaldson as a trial witness, I grant Plaintiffs' motion to prohibit calling Mr. Donaldson as a witness at trial.

II. Defendant's Motion to Bar Evidence Referring to Criminal Actions

The Wabicks seek to bar the admission of evidence relating to two plea agreements in which Mr. Wabick pleaded guilty to mail fraud and impeding the functions of the Resolution Trust Corporation ("RTC"). Plaintiffs seek to admit the evidence as both direct evidence of the Wabicks' fraudulent transfers and impeachment evidence.

A.

Evidence of other crimes is not admissible to show action in conformity therewith, but it is admissible to show other things such as motive, knowledge and identity. Fed. R. Evid. 404(b). The Seventh Circuit has merged the Rule 404(b) and 403 inquiries to create a four-part test to determine whether evidence of prior acts is admissible. It is admissible if:

> 1. The evidence [is] directed toward establishing something at issue other than a party's propensity to commit the act charged;
> 2. The other act [is] similar enough and close enough in time to be relevant to the matter at issue;
> 3. The evidence [is] such that the jury could find the act occurred and the party in question committed it; and
> 4. The prejudicial effect of the evidence [does] not substantially outweigh its probative value.

*Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 494-95 (7th Cir. 1998). Here, Plaintiffs wish to use evidence relating or referring to the prior crimes to show the Wabicks' motive for transferring assets and the actual ownership and control by Mr. Wabick of various entities ostensibly in Mrs. Wabick's name. Neither of these reasons are aimed at showing the Wabicks' propensity for committing fraudulent transfers.

The second prong of the test requiring similarity and temporal proximity to ensure relevance is a flexible inquiry that depends on the theory that makes the evidence admissible and is determined on a case-by-case basis. *See United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992). The requirement simply means that "the consequential fact may be inferred from the proffered evidence." *United States v. Shackleford*, 738 F.2d 776, 779 (7th Cir. 1984) *modified in part on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). Here, the consequential facts are that the Wabicks had a motive to transfer assets and that various assets were under the actual control of Mr., not Mrs., Wabick. Motive may be inferred from the proffered evidence that Mr. Wabick was under

5

investigation for and ultimately pleaded guilty in May and June 1999 to crimes punishable by fines and restitution. Similarly, facts regarding actual control of various assets can be inferred from information in witness statements and Mr. Wabick's own plea agreements. For example, the statement of David Lee Heyes, a confederate in the RTC scheme, indicates that Mr. Wabick placed various assets in his wife's name, as does one of Mr. Wabick's plea agreements.

The third prong of the test is clearly met here; the plea agreements establish that Mr. Wabick committed the acts to which he pled guilty.

Finally, at this stage, the prejudicial effect of the evidence does not substantially outweigh its probative value. I grant motions *in limine* to exclude evidence only if the evidence sought is clearly inadmissible for any purpose, deferring other evidentiary questions until they arise at trial where issues such as prejudice can be resolved in context. *See Johns v. Village of Sauk Village,* 98 F. Supp. 2d 968, 969 (N.D. Ill. 2000) (Bucklo, J.). While evidence of prior crimes is obviously prejudicial, Plaintiffs offer it here for permissible purposes for which it is highly probative. Thus, the evidence of Mr. Wabick's prior offenses is not inadmissible as direct evidence of fraudulent transfers.

B.

Evidence of Mr. Wabick's prior convictions is also admissible as impeachment evidence under Fed. R. Evid. 609(a). Evidence that a witness has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by imprisonment in excess of one year. Fed. R. Evid. 609(a)(1). Here, the crimes to which Mr. Wabick pleaded guilty were both punishable by up to five years imprisonment. Additionally, evidence of prior convictions is admissible if the crime involved "dishonesty or false statement," regardless of the punishment. Fed. R. Evid. 609(a)(2). The crimes to which Mr. Wabick pleaded guilty both meet this requirement. Crimes involving "dishonesty or false statement" include crimes such as criminal fraud as well as any other offense involving some element of deceit, untruthfulness, or falsification. See Fed. R. Evid. 609 advisory committee notes. Mail fraud is criminal fraud, and Mr. Wabick's plea agreement to the RTC charge admits making false statements to the RTC. Thus, both convictions involve "dishonesty or false statement."

Here again, the prejudicial effect of this evidence does not outweigh its probative value with respect to Mr. Wabick's credibility as a testifying witness, and is thus not inadmissible as impeachment evidence. Because the prior crimes evidence is not inadmissible as either impeachment evidence or direct evidence of fraudulent transfer of assets, I deny defendant's motion to exclude

7

evidence relating to Mr. Wabick's criminal actions.

### III. Defendant's Motion to Bar Evidence Referring to 1992 RTC Transactions

The Wabicks seek to bar all evidence relating to the 1992 transactions in which certain assets were purchased from the RTC, arguing that such evidence is irrelevant, prejudicial, and likely to confuse or mislead the jury. As noted above, I grant motions *in limine* to exclude evidence only if the evidence sought to be excluded is clearly inadmissible for any purpose, leaving issues of relevancy and prejudice to be resolved in context as they arise at trial. *See Johns,* 98 F. Supp. 2d at 969. Here, the Wabicks present no reason outside of Rules 401 and 403 why evidence relating to the 1992 RTC transactions is clearly inadmissible. I therefore deny defendant's motion to bar this evidence.

### IV. Defendant's Motion to Bar Evidence of Paid Out, Settled or Satisfied Claims

The Wabicks seek to bar admission of all evidence relating to any damages claims against Mr. Wabick that he has settled or paid out. Again, the Wabicks argue that such evidence is irrelevant, prejudicial and likely to confuse the jury but fail to show that such evidence is clearly inadmissible on those grounds. In addition to their Rules 401 and 403 arguments, however, they claim that evidence of prior lawsuits against Mr. Wabick constitute improper character evidence inadmissible under Rule 404. I analyze

8

this argument under the four-part test from *Gastineau* outlined above.

First, evidence of settlement or payment of prior suits against Mr. Wabick is not directed toward establishing the Wabicks' propensity to commit fraudulent transfers. The evidence is offered to establish motive to transfer assets as well as the extent of Mr. Wabick's solvency or insolvency at certain periods of time, a relevant inquiry under the Illinois Uniform Fraudulent Transfer Act. *See* 740 ILCS 160/5(b)(9); 740 ILCS 160/6.

Under the second prong, I again determine whether the consequential facts can be inferred from the proffered evidence. Here, the consequential facts of motive and solvency can be inferred from evidence of prior judgments against Mr. Wabick during the relevant time frame and his ability or inability to pay them.

The evidence also meets the third prong of the test. Plaintiffs have referenced one order confirming a sheriff's sale (Pls.' Mem. in Opp'n to Defs.' Mots. *in Limine*, Ex. O), which establishes that in 1990 a deficiency judgment was entered against Mr. Wabick, among others. Presumably other judgments that Plaintiffs sought to admit would be supported by similar documentary evidence.

Finally, as with the evidence of the plea agreements, I find that the prejudicial effect of evidence of prior lawsuits against Mr. Wabick does not substantially outweigh its probative value at

9

this point. I therefore deny the Wabicks' motion to bar evidence of past claims against them.

V. Conclusion

Plaintiffs' Motion for an Order Prohibiting Defendants from Calling Plaintiffs' Lead Trial Counsel as a Witness at Trial is GRANTED. All other motions *in limine* are DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

---
**Elaine E. Bucklo**
United States District Judge

Dated: September 13, 2002